■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK MIALS, Appellant.— Judgment of the Supreme Court, Kings County, rendered October 14, 1965, convicting defendant of manslaughter in the first degree, upon a jury verdict, reversed on the law and new trial ordered. The findings of fact below have not been considered. In the jury's absence, a preliminary *Huntley* hearing was held as to the voluntariness of certain statements by defendant. The trial court found them voluntary and they were thereafter received in evidence without objection. The issue of voluntariness of the statements was not submitted to the jury by the court's charge, despite the fact that this issue had been raised by the request for a preliminary *Huntley* hearing and by cross-examination of various witnesses as to defendant's condition when he made the statements. Defense counsel did not except to the charge in this respect and did not request that the issue of voluntariness be submitted to the jury. Absent a clear concession of voluntariness or a clear waiver of the right to a jury trial of that issue, such issue must be submitted to the jury, despite the fact that it has preliminarily been passed upon by the trial court in the jury's absence (*People* v. *Huntley*, 15 N Y 2d 72; N. Y. Const., art. I, § 2). In our opinion, there has been here no concession of

voluntariness and no clear, affirmative waiver of the basic right to have the issue of voluntariness submitted to the jury; and that issue has been preserved for appellate review, despite the failure to except to the charge or request addition of the issue to the charge (*People* v. *O'Neill*, 11 N Y 2d 148; *People* v. *Coffey*, 11 N Y 2d 142; cf. *People* v. *Friola*, 11 N Y 2d 157; *People* v. *Rensing*, 27 A D 2d 838; *People* v. *Castro*, 19 N Y 2d 14; *People* v. *De Renzzio*, 19 N Y 2d 45). Hence, the failure to submit this issue to the jury is prejudicial, reversible error. Even if we were to assume *arguendo* that the failure to except to the charge constituted a waiver of the error, we would nevertheless reverse and direct a new trial in the interests of justice, since this was a close case and the error a serious one involving a constitutional right (cf. *People* v. *Rensing, supra*; *People* v. *Castro, supra*; *People* v. *De Renzzio, supra*). In view of our conclusion that a new trial is required for the reason hereinbefore stated, we do not reach or pass upon the other contentions of error urged by defendant. Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.

