## JAMES L. CARLSON, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 5501

September 18, 1968                    445 P.2d 157

*Sidney W. Robinson* and *Frank Cassas, Jr.,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *Wiliam J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Thompson, C. J.:

Carlson was convicted of lewdness with a child under the age of fourteen years (NRS 201.230). His appeal to this court presses several claims of error.

1. The district court gave an instruction that the child victim's testimony should be received with caution. The circumstances of this case suggested the advisability of such a cautionary instruction (cf. Scott v. State, 72 Nev. 89, 295 P.2d 391 (1956)[1] and it inured to the defendant's benefit. The appellate complaint is not that the court refused to give a cautionary instruction with respect to the child's testimony. Cf. Scott v. State, supra. Rather, the complaint is that the court failed to give the particular instruction offered by the defendant. A court need not give multiple instructions upon the same subject. Schaumberg v. State, 83 Nev. 372, 375; 432 P.2d 500 (1967); Tomlin v. State, 81 Nev. 620, 625, 407 P.2d 1020 (1965); Kuk v. State, 80 Nev. 291, 298, 392 P.2d 630 (1964). This claimed error is without substance.

2. In line with the command of Jackson v. Denno, 378 U.S. 368 (1964), the trial court, in the absence of the jury,

---

[1]In Scott v. State, supra, the court noted that the testimony of a child may require a cautionary instruction if the complaining witness' testimony is not corroborated, the charge is easily made and difficult to meet, the case is one which arouses passion in the minds of decent people, and the charge can be made to satisfy spite, vengeance, vindictiveness and other base motives. Scott, supra, at 93, 295 P.2d at 394.

received evidence to determine whether the defendant's confession was voluntary. The court specifically found that the confession was voluntary [cf. Sims v. Georgia, 385 U.S. 538 (1967); Criswell v. State, 84 Nev. 459, 443 P.2d 552 (1968)], and it was later received in evidence before the jury without objection, and the footnoted instruction given.[2] The instruction adopts the "Massachusetts Rule." The court first hears the evidence in voluntariness before allowing the confession into evidence. If found to be voluntary, the jury is then instructed that it must also find that the confession was voluntary before it may be considered. This court has never decided whether the Massachusetts Rule should be followed, or some other procedure. State v. Fouquette, 67 Nev. 505, 533–34, 221 P.2d 404, 419 (1950). We now approve that rule as the rule for Nevada.

The defendant argues that the instruction was inadequate in that it does not advise the jury of the factors to be considered in deciding whether the confession was voluntary. The instruction was adequate. The term "voluntary" carries a clear meaning, without need for further definition or explanation.

3. The defendant elected to testify. On direct examination by his counsel he was asked whether he "had any sexual attraction for any child," to which he answered "no." On cross-examination, over objection, the defendant, who had admitted knowing another female child, who was a friend of the victim, was asked whether he had tried to kiss such other child and "become amorous with her." He denied having done so. It is contended that such cross-examination was improper and prejudicial since its purpose was to suggest that the defendant had committed a separate and distinct criminal act upon another child wholly unrelated to the charge for which he was on trial.

The cross-examiner's question does not necessarily suggest the commission of a separate offense, although it could, perhaps, be so construed. In any event, it is the state's position that "the door was opened" to such cross-examination by the question which defense counsel had asked of his client on direct examination. We do not subscribe to the state's position.

---

[2]The fact that the court has admitted into evidence the alleged confession or admission of a defendant does not bind the jury to accept the court's conclusion; and the jury, before it may take a confession or admission into consideration, must for itself find whether or not it was a voluntary confession or admission. If the jury concludes that a confession or admission was not made voluntarily, it is the duty of the jury to entirely disregard the same and not consider it for any purpose."

A testifying defendant "shall answer as to the fact of his previous conviction for felony," [NRS 48.130; cf. Fairman v. State, 83 Nev. 287, 429 P.2d 63 (1967)] and, if he denies such previous conviction, may be impeached by appropriate proof that a prior felony conviction occurred. And, of course, evidence of other offenses may be admissible during the state's case in chief if relevant to prove motive, intent, identity, the absence of mistake or accident, or a common scheme or plan. Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966), and the cases therein cited. Neither principle applies to the circumstance before us.

Our concern about evidence of collateral offenses was expressed in Tucker v. State, supra, in a different context. The intendment of that decision is that no reference shall be made to such collateral offenses unless, during the state's case in chief, such evidence is relevant to prove motive, intent, identity, the absence of mistake or accident, or a common scheme or plan; and, then, only if such offense is established by plain, clear and convincing evidence. A necessary corollary is that such evidence may not be received to impeach the defendant, except evidence of a prior felony conviction. The trial court should have sustained the defendant's objection to the cross-examiner's line of inquiry.

This error, however, was harmless since the evidence of guilt was substantial, and the cross-examiner's question did not necessarily suggest other criminal conduct. NRS 178.598. Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.