## ARTHUR LEE HARRIS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7322

April 19, 1974         521 P.2d 367

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner* and *Dan M. Seaton,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found Arthur Lee Harris guilty of battery with the use of a deadly weapon, in violation of NRS 200.481, subsection 2(d).[1] He seeks reversal of his judgment of conviction on the ground that he was prejudiced by the State's unsuccessful

---

[1]NRS 200.481, in relevant part:

"2. Any person convicted of a battery shall be punished:

". . . .

"(d) If the battery is committed with the use of a deadly weapon, by imprisonment in the state prison for not less than 2 years nor more than 10 years."

attempt to introduce in evidence the weapon allegedly used by Harris in the commission of the offense, after it had been examined by witnesses and viewed by the jurors during the trial.

On July 30, 1972, Harris and Arthur Carter were at a liquor store in Las Vegas where a pool tournament was in progress. Harris and Carter made a bet on one of the games. Harris won, and Carter reneged on the bet. Harris pulled a revolver from under his shirt and shot Carter.

Testimony of two eyewitnesses to the shooting showed that Harris fired two shots from a steel-blue revolver, hitting Carter in the leg and chest. A security guard testified that he saw Harris with a revolver in his hand and commanded him to stop shooting Carter.

No objection, either to the aforementioned testimony or to the display of the gun, was offered by appellant. When the State attempted to introduce the gun in evidence, appellant objected on the ground of an insufficient foundation. The trial judge sustained appellant's objection. Appellant did not move to have the testimony regarding the gun stricken and to have the jury instructed to disregard it, but rather moved the court for a mistrial, which motion was denied.

We have reviewed the record, and we find no intentional prosecutorial misconduct regarding the testimony and the display of the gun. Further, since the eyewitness testimony and the testimony of the victim overwhelmingly support the verdict of guilty, any error that may have occurred in the production of the gun and the testimony relating to it may be considered harmless. Chapman v. California, 386 U.S. 18 (1967); Layton v. State, 87 Nev. 598, 491 P.2d 45 (1971).

Accordingly, we affirm the conviction and sentence in the lower court.