ROLAND MARSHALL, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 7946

August 26, 1975                                    539 P.2d 116

*Bell & Leavitt, Chartered,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Dan M. Seaton,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Roland Marshall stands convicted of first degree murder and is serving a sentence of life with the possibility of parole. He requests this court to void his conviction for several reasons, none possessing merit. Since he does not challenge the sufficiency of the evidence establishing his guilt it is not necessary to state the probative facts of the crime, and we turn briefly to consider assigned errors of law.

1. While in custody, Marshall stated to a police officer that he had not committed robbery or murder, did not know the location of the crime scene, and had never been there. This exculpatory statement was made after the officer had warned him of his 5th and 6th Amendment rights. It now is claimed that the warnings were inadequate in the light of Miranda v. Arizona, 384 U.S. 436 (1966). The warnings were read to Marshall from a "rights card" which covered the rights expressed in Miranda v. Arizona, supra, and Marshall acknowledged that he understood what was read to him and then signed the card. We find nothing to suggest that his waiver of rights was other than voluntary and knowledgeable. This claimed error is patently without merit. United States v. Springer, 460 F.2d 1344 (7th Cir. 1972).

Neither was the court obliged to instruct the jury regarding the voluntariness of the statement made by Marshall. The cases of Carlson v. State, 84 Nev. 534, 445 P.2d 157 (1968); Grimaldi v. State, 90 Nev. 83, 518 P.2d 615 (1974); and Rhodes v. State, 91 Nev. 17, 530 P.2d 1199 (1975); are inapposite and the appellant's reliance thereon misplaced, since the statement was exculpatory in nature.

2. A gun taken by Marshall during a prior robbery of the same store where the homicide occurred was shown to be the same weapon used in the homicide. Consequently, a witness was allowed to testify concerning the collateral offense in order to identify Marshall with the murder weapon. This ruling is

challenged. The trial judge, in weighing the probative value of such testimony against its prejudicial effect, permissibly could rule in favor of admissibility since there was scanty evidence otherwise to connect Marshall with the murder weapon. State v. Hudgens, 423 P.2d 90 (Ariz. 1967).

Other assigned errors have been considered and are meritless.

Affirmed.