JAMES RUDY STEWART, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8299

March 25, 1976     547 P.2d 320

*William N. Dunseath,* Public Defender, and *William B. Puzey,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On appeal from his conviction for first-degree murder appellant James Rudy Stewart claims that an incriminating statement he gave to a doctor in the presence of two police officers should not have been used in evidence because he was too intoxicated to realize the import of what he was saying.

The evidence against Stewart for the killing of Hoyt Scott is abundant. During the course of two employee Christmas parties sponsored by the management of two Reno restaurants, Stewart invited Scott to walk outside with him and they departed. Hoyt was manager of the restaurant where Stewart's wife was

employed. Stewart was an employee of the other restaurant. Stewart had attended both parties and at each a generous quantity of alcoholic beverages had been made available to the guests.

Noting her husband's departure with Scott, Stewart's wife became alarmed and asked others to search them out. They were located on an adjoining parking lot. Stewart was standing over Scott, Scott was lying on the pavement with three bullets in him. At the scene, police officers confiscated a pistol from Stewart and gave him the Miranda warning. Later, bullet casings found at the scene corresponded with the bullets in Scott's body which were determined to have been fired from Stewart's pistol.

Scott, not yet dead, was taken to Washoe Medical Center. Stewart was first booked into police headquarters and again advised of his Miranda rights. Because of a fresh laceration on Stewart's lip the officers took him to Washoe Medical Center for treatment.

At the hospital a doctor attending Scott asked one of the police officers for permission to talk to Stewart in order to ascertain the angle and distance from which Scott was shot. He needed the information to aid him in locating and removing the bullets. Before the question was posed to Stewart he was again told that he had the right to remain silent and was asked if he knew his constitutional rights. Stewart then said that he had the gun in his left hand and was standing to the right of the victim, that the first two bullets did not seem to have any effect but after the third one, "he dropped."

Scott died a short time later. Stewart was tried and convicted of first-degree murder and sentenced to life imprisonment with possibility of parole.

■■■■■■ ■■

1.   At trial, the fact of Stewart's drinking was not disputed, only the degree of his intoxication. He argues that the drinking together with the injury to his lip and the absence of counsel prejudicially infected the statement he made to the doctor. It is evident from the record that Stewart's injury was not serious. Moreover, there is substantial evidence supporting the finding that Stewart's ability to comprehend was not so impaired by his intoxication that he was incapable of freely and voluntarily rendering a statement. In keeping with Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968), we perceive no violation of Stewart's constitutional rights. Intoxication without

more will not preclude the admission of incriminating statements unless it is shown that the defendant was so intoxicated that he was unable to understand the meaning of his statements. State v. Clark, 517 P.2d 1238 (Ariz. 1974). Substantial evidence here supports the finding of voluntariness. Wallace v. State, supra.

2. Appellant's proffered instruction that arose out of the testimony of a police officer that perhaps a metal trace test should have been performed was properly rejected. It was not an appropriate instruction under the circumstances of the case.

3. Stewart submitted a supplementary brief in proper person listing many varied denials of his rights. All of them are completely unsupported by the record nor are they accorded citation of relevant authority.

We find no error in the proceedings.

Affirmed.