JOE EDWARD JOHNSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8449

June 25, 1976                         551 P.2d 241

*Wiener, Goldwater, Galatz & Waldman, Ltd.,* Las Vegas, for Appellant.

*Robert List,* Attorney General, and *George E. Holt,* District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury of first and second degree murder, appellant contends the district court erred (1) by admitting a statement appellant made prior to receiving Miranda warnings, (2) by not giving an instruction limiting the statement's use to impeachment, and (3) by instructing that self-defense may not be contrived. These contentions are without merit.

Arriving at the scene of a shooting, where they observed appellant fire two shots into one of the victims, police officers

asked appellant why he had shot the two victims. Appellant replied that he had shot them because they had beat up his son. Upon receiving this explanation, the officers ceased questioning appellant, arrested him, and gave him the Miranda warnings.

At trial, the State did not offer appellant's statement in its case-in-chief. However, when appellant testified that he had acted in self-defense, the State proposed to cross-examine him regarding his contrary statement. The district court permitted this without instructing the jury that the statement could be considered only for impeachment purposes.

1. Appellant argues that his statement was the product of a custodial interrogation and thus inadmissible by reason of Miranda v. Arizona, 384 U.S. 436 (1966). Due to the investigative and non-coercive nature of the questioning, it may be questioned whether the statement was the product of a custodial interrogation. See: Schnepp v. State, 84 Nev. 120, 437 P.2d 84 (1968); State v. Billings, 84 Nev. 55, 436 P.2d 212 (1968); State v. Lopez, 442 P.2d 594 (N.M. 1968). However, we need not make this determination.

2. Even assuming a Miranda violation, appellant's statement was nonetheless admissible for impeachment purposes. Harris v. New York, 401 U.S. 222 (1971). Still, appellant contends the district court should have given an instruction limiting its use to impeachment. However, because appellant actually requested that such an instruction not be given, and because evidence of guilt is overwhelming, we deem any error in failing to give such a limiting instruction harmless. See: Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975); Harris v. State, 90 Nev. 172, 521 P.2d 367 (1974); Grimaldi v. State, 90 Nev. 83, 518 P.2d 615 (1974).

3. Finally, appellant contends the district court erred by instructing: "The right of self-defense is not available to a person who has sought a quarrel with the design to force a deadly issue and thus through his fraud, contrivance or fault, to create a real or apparent necessity for making a felonious assault." This instruction does nothing more than properly state the abstract principle that self-defense is not available to one who seeks a quarrel with the fraudulent intent to force a deadly issue and thus to create a real or apparent necessity

for his own assault. See: People v. Garnier, 213 P.2d 111 (Cal.App. 1950); 1 Witkin, California Crimes § 158 at 152 (1963).

Affirmed.