## KARL LAMONT HENDEE, ROBERT HENRY WOODS, JR., AND JAMES DAVID WEATHERLY, APPELLANTS, v. STATE OF NEVADA, RESPONDENT.

### No. 8844

December 21, 1976 557 P.2d 275

*William Whitehead III,* Reno, for Appellant Hendee.

*Richard J. Legarza,* Reno, for Appellant Woods.

*William N. Dunseath,* Public Defender, and *William B. Puzey,* Deputy, Reno, for Appellant Weatherly.

*Larry R. Hicks,* District Attorney, and *Mills B. Lane,* Chief Criminal Deputy, Reno, for Respondent.

## OPINION

*Per Curiam:*

On the evening of August 9, 1975, Mr. and Mrs. Stone returned to their Reno apartment with their guests, Mr. and Mrs. Pogue. Upon entering, the Pogues and Mrs. Stone encountered appellants, armed with a sawed-off M–1 carbine and a pistol. Mr. Stone, who had not yet entered, observed appellants from outside and ran to a neighboring apartment to summon

police. Mrs. Stone and the Pogues were ordered to lie on the floor while appellants proceeded to rob them. Shortly thereafter, the police arrived and arrested appellants. Personalty belonging to the victims was found on the persons of the appellants, as were the weapons described above.

At trial, the district court allowed a Reno police officer to testify that the pistol used in perpetration of the crimes was reported stolen in January, 1974. Appellants contend we are compelled to reverse because the district court erred in admitting this irrelevant, prejudicial, and hearsay testimony. We do not agree. Even if we assume it was error for the district court to allow the disputed testimony, we believe the overwhelming evidence of guilt renders such error harmless. NRS 177.255; 178.598; cf. Johnson v. State, 92 Nev. 405, 551 P.2d 241 (1976); Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975); Grimaldi v. State, 90 Nev. 83, 518 P.2d 615 (1974).

Affirmed.