JACK T. VINCENT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12213

March 30, 1981                                    625 P.2d 1172

*Morgan D. Harris,* Public Defender, *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert*

*J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted of attempted burglary, Jack T. Vincent contends, *inter alia,* that the district court erred by refusing to give a proposed jury instruction. We agree and for reasons expressed hereafter reverse.

Although admitting the commission of certain acts at trial, appellant argued that he lacked the requisite intent to commit a burglary by reason of intoxication. He proposed a jury instruction regarding the effect of intoxication on the issue of intent. This instruction was refused by the court.

NRS 193.220 reads as follows:

> No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, *but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent.* (Emphasis added.)

The effect appellant's alleged intoxication may have had on his ability to form the specific intent for the crime charged was relevant to the issues raised by the facts in the case at bar. It is the duty of a district court to instruct the jury on the general principles of law relevant to the issues raised by the facts of the case before it. People v. Wiley, 554 P.2d 881 (Cal. 1976); *see* NRS 175.161. Furthermore, the defendant in a criminal proceeding is entitled to have the jury instructed on his theory of the case if it finds support in the evidence as here. Adler v. State, 95 Nev. 339, 594 P.2d 725 (1979).

The jury was not informed as to the possible effect of intoxication upon the formation of criminal intent. This was reversible error. People v. Lundborg, 570 P.2d 1303 (Colo.App. 1977); State v. Conklin, 489 P.2d 1130 (Wash. 1971). The case is, therefore, reversed and remanded for a new trial.