SILAS HOWARD LAURSEN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11156

October 29, 1981                    634 P.2d 1230

FONDI, D. J., and MANOUKIAN, J., dissented.

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Laursen planned to kill one of his sons-in-law; however, he missed his shot and killed another son-in-law. He was convicted of first degree murder. On the day of the homicide, appellant drank several beers. Approximately three hours

after the shooting he gave a post-Miranda statement which was incriminating. Over objection, the trial judge found the statement to be voluntary, and admitted it into evidence. Appellant contends two errors: the trial judge failed to instruct the jury on the issue of whether the statement was voluntary; and, the trial court placed the burden of proving the voluntariness of the statement on the appellant.

1.  After appellant's arrest the officers took him to the Washoe Medical Center for a blood alcohol test. There he was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The appellant told the officers at the station:

> . . . I fired two or three rounds and I never in my life missed anything, even a deer, but I missed that son-of-a-bitch I was after.
>
> Question:  Did you know what you were doing when you went down to Tom's house?
>
> Answer:  You bet, I was going to stomp ass, sure was.

Appellant claims the court erred in failing to instruct the jury on the voluntariness of this statement. Nevada follows the Massachusetts rule when the voluntariness of a defendant's statement is put in issue. Carlson v. State, 84 Nev. 534, 445 P.2d 157 (1968). Under this rule the trial judge receives evidence on the voluntariness of the statement and determines whether the statement was voluntary. If so, it is admitted. However, the court must later submit the issue by appropriate instruction to the jury. Carlson v. State, *supra*. In this case while the trial judge determined that the statement was voluntarily made, the court failed to submit the issue to the jury. Therefore, the court committed error.

We have held, however, that such error is subject to the harmless error rule, Brimmage v. State, 93 Nev. 434, 567 P.2d 54 (1977); Grimaldi v. State, 90 Nev. 83, 518 P.2d 615 (1974). There is no constitutional mandate that voluntariness of such statements be determined by both judge and jury. Lego v. Twomey, 404 U.S. 477, 490 (1972). NRS 178.598 sets the standard for the harmless error rule: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." In the instant case the error was harmless. Here, as in *Grimaldi, supra,* the "question of guilt or innocence . . . is not a close one", 90 Nev. at 86, 518 P.2d at 617, and "[t]he proof . . . was so great that the confession could not have altered or affected the results of the trial." *Id.* at 87, 518 P.2d at 617.

The evidence against appellant was overwhelming. Besides the formal statement, appellant made a number of voluntary incriminating statements to officers. The record reflects a conscious decision by him to go to the trailer where the homicide was committed with two loaded large calibre rifles. It cannot be seriously contended the jury would have decided differently.

2. The trial court likewise erred by placing upon the appellant the burden of proving that the statement was involuntary. In Nevada, the state must prove by a preponderance of the evidence that a statement is voluntary. Scott v. State, 92 Nev. 552, 554 P.2d 735 (1976).

However, the evidence of voluntariness was such that, had the trial judge applied the proper standard of proof, the result would have been the same. Appellant did not offer any affirmative evidence that his statement was involuntary; he stated, when asked whether he would have made the statement had he not been drinking, that he "couldn't say one way or the other." There was testimony from one of the officers that he appeared sober, and there was evidence that his blood alcohol content, taken half an hour before the questioning, was .193, down from .223 an hour earlier. Given this state of the evidence, we find no prejudice resulting from the trial court's erroneous determination that appellant had the burden of proof.

Because appellant's other contentions are without merit, we affirm.

GUNDERSON, C. J., and BATJER, J., concur.

FONDI, D. J.,[1] dissenting, with whom MANOUKIAN, J., agrees:

I respectfully disagree with the majority opinion. The majority states that appellant Laursen planned to kill one of his sons-in-law but missed his shot and killed another son-in-law. This is the very factual question which was taken away from the jury by virtue of the errors committed by the trial court and which are commented upon in the majority opinion. Appellant had been drinking quite heavily on the day of the homicide and the shooting was preceded by a number of interfamily squabbles that day and the preceding day involving appellant, his two daughters, their husbands and appellant's son.

---

[1]The Governor designated the Honorable Michael E. Fondi, Judge of the First Judicial District Court, to sit in place of Justice GORDON THOMPSON. Nev. Const. art. 6, § 4.

The majority recognizes that the trial judge committed error when the rule set forth in Carlson v. State, 84 Nev. 534, 445 P.2d 157 (1968) was not followed. Had the jury been allowed to determine for itself whether the statement was voluntary or involuntary, it might very well have decided the latter. The statements would then have been disregarded.

The majority concedes that the evidence against appellant includes substantial evidence of his intoxication at the time the incriminating statements were made. The majority goes on, however, to state that the evidence against appellant was overwhelming and that there were a number of other voluntary incriminating statements to officers. This court has held that intoxication raises an issue of voluntariness. Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976). The standard this court has applied when determining whether or not to exclude incriminating statements is that "unless it is shown that the defendant was so intoxicated that he was unable to understand the meaning of his statements," the statements are voluntary. Stewart v. State, 92 Nev. 168, 171, 547 P.2d 320, 321 (1976). Therefore, to state that appellant made a number of voluntary incriminating statements to officers simply begs the question at issue.

The majority relies on Grimaldi v. State, 90 Nev. 83, 518 P.2d 615 (1974) and Brimmage v. State, 93 Nev. 434, 567 P.2d 54 (1977) to support its holding that the errors committed by the trial court are subject to harmless error analysis, and would not have changed the outcome of the trial. I simply cannot agree with this position in the context of that case. This court has heretofore in Carlson v. State, supra, outlined a specific procedure to be followed in cases of this nature. To adopt the position announced by the majority simply substitutes the subjective judgment of this court on a question of fact which should be left to the subjective judgment of the jury as the triers of fact.

First degree murder can be proven if the state is able to demonstrate that the homicidal act itself was committed with premeditation and deliberation. Whenever a criminal defendant is voluntarily intoxicated during the commission of a crime requiring premeditation and deliberation, the fact that he was intoxicated can be considered by the jury to determine whether he acted with premeditation and deliberation. NRS 193.220. Vincent v. State, 97 Nev. 169, 625 P.2d 1172 (1981). In the context of this case, where defense counsel admitted guilt as to second degree murder, and where the primary issue contested at trial was the existence of premeditation and deliberation, the error cannot be deemed harmless.

The trial court also erred by refusing to allow appellant's

wife to testify to exculpatory evidence regarding what appellant had told her when he left for Davis' trailer. An objection was made and sustained on the basis of the hearsay rule. A declarant's "then state of mind" is admissible hearsay under NRS 51.105(1).

But for the errors committed by the trial court, the jury may not have found premeditation and deliberation beyond a reasonable doubt.

Therefore, appellant's conviction should be reversed and the case remanded for a new trial.

