IN THE SUPREME COURT OF THE STATE OF NEVADA

ELINOR MALANSING INDICO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76601

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with use of a deadly weapon, manslaughter by killing an unborn quick child, and child abuse, neglect, or endangerment. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Elinor Malansing Indico argues the district court's evidentiary rulings precluded presentation of her theory of defense, the district court admitted improper expert testimony, and cumulative error requires reversal.

*Evidentiary rulings*

First, Indico contends that the district court limited her ability to present evidence of self-defense. The district court has wide discretion to admit or exclude evidence and those decisions are reviewed for abuse of discretion or manifest error. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "[B]ut to the extent the evidentiary ruling rests on a legal interpretation of the evidence code, de novo review obtains." *Stephans v. State*, 127 Nev. 712, 716, 262 P.3d 727, 730 (2011).

19-44001

Before trial, the district court suppressed an inculpatory statement obtained in violation of Indico's *Miranda*[1] rights. At trial, Indico sought to introduce evidence of two prior incidents of conflict with the victim and a 9-1-1 call initiated by Indico, and to cross-examine law enforcement regarding perceived investigatory shortcomings. Indico's complaints emanate from the district court's rulings that admission of that evidence would "open the door" to her suppressed statement. Presented with the choice of all or nothing, Indico seems to have believed nothing was the better approach and did not introduce the evidence. Thus, we must determine if the district court properly concluded that Indico's proposed evidence indeed "opened the door" to her suppressed statement.[2]

*Prior incidents*

Indico argues that the district court erred by ruling evidence of prior incidents between herself and the victim would open the door to the suppressed statement. We agree. NRS 48.045(1)(b) permits an accused to offer evidence of the victim's character. As this court has explained, "evidence of specific acts showing that the victim was a violent person is admissible if a defendant seeks to establish self-defense *and was aware of those acts.*" *Daniel v. State*, 119 Nev. 498, 515, 78 P.3d 890, 902 (2003). To rebut such evidence, the prosecution may offer "similar evidence." NRS 48.045(1)(b); *see also Mitchell v. State*, 124 Nev. 807, 817, 192 P.3d 721, 728

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]In her brief, Indico asserts that the district court excluded the prior incidents and 9-1-1 recording. The record, however, shows the district court explained the consequences should Indico present that evidence—it might open the door for the State to present her statement.

(2008) ("[I]f a defendant offers evidence concerning his good character, then the State may offer evidence of his bad character under NRS 48.045(1)(a).").

Here, Indico sought to present testimony from a percipient witness regarding two prior physical altercations between Indico and the victim. Indico intended to demonstrate the victim's violent character to support a theory of self-defense. To rebut such evidence, NRS 48.045(1)(b) allows the State to present evidence of the victim's peaceful character, not Indico's suppressed statement. Narrow exceptions permit admission of suppressed statements where continued suppression would not serve the purpose of the exclusionary rule.[3] The United States Supreme Court has been wary to expand those exceptions. *See James v. Illinois*, 493 U.S. 307, 314-15 (1990) ("[E]xpanding the [exclusionary rule's] impeachment exception to encompass the testimony of all defense witnesses likely would chill some defendants from presenting their best defense and sometimes any defense at all—through the testimony of others."). The district court's ruling chilled Indico from presenting evidence supporting her theory that the victim was the initial aggressor. Therefore, the district court erred; however, we conclude the error was harmless because substantial evidence

---

[3]*E.g., McGee v. State*, 105 Nev. 718, 724-25, 782 P.2d 1329, 1333 (1989) (holding that statements taken in violation of *Miranda* are admissible in a distinct perjury prosecution); *Johnson v. State*, 92 Nev. 405, 407, 551 P.2d 241, 242 (1976) (holding that tainted statements are admissible to impeach a defendant's testimony at trial) (citing *Harris v. New York*, 401 U.S. 222 (1971)); 3 Wayne R. LaFave et al., *Crim. Proc.* § 9.6(b) (4th ed. Nov. 2018 Update) ("On rare occasion, defense tactics which likewise seek to gain extraordinary advantage from the fact of suppression of certain evidence may also be deemed to have 'opened the door' to at least limited receipt of that evidence."); *see also State v. Allen*, 119 Nev. 166, 172, 69 P.3d 232, 236 (2003) ("Exclusion is only appropriate where the remedial objectives of the exclusionary rule are served.").

supports Indico's guilt. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008). The evidence established that Indico and the victim, who was nine months pregnant, engaged in a verbal argument that became a physical fight in their shared apartment. The violent confrontation occurred throughout the apartment, with the victim's minor children present. The victim endured numerous stab and incise injuries, including defensive wounds, causing her death and that of her unborn child. The physical evidence belied Indico's self-defense claim.

### 9-1-1 audio

Indico argues that the district court erred by ruling that introduction of the 9-1-1 audio would permit the State to introduce her suppressed statement. We disagree. Statements obtained in violation of *Miranda* are admissible "to impeach a defendant's inconsistent trial testimony." *Lamb v. State*, 127 Nev. 26, 36, 251 P.3d 700, 707 (2011). When hearsay statements are admitted, "the declarant may be attacked or supported by any evidence which would be admissible for those purposes if the declarant had testified as a witness." NRS 51.069(1). Therefore, the district court did not err by ruling that introducing hearsay statements, here the 9-1-1 call, would permit the State to impeach those statements, if inconsistent.

### Cross-examination of Detective McCarthy

Indico argues that the district court improperly restricted her cross-examination of Detective McCarthy. We disagree. After reviewing the record, we conclude the district court merely cautioned Indico about questioning the actions taken by law enforcement after obtaining Indico's inculpatory statement. That line of questioning could have elicited reference to the suppressed statement, through no fault of the State. *See* LaFave et al., *supra*, § 9.6(b) (defense tactics may open the door if they

create "confusion based upon knowledge that any adequate explanation would require some reference to evidence previously suppressed"). Further, the district court offered Indico the opportunity to question Detective McCarthy outside the presence of the jury and inquire into the issue. Indico declined. Therefore, Indico fails to demonstrate an abuse of discretion on the part of the district court.

*Testimony of Detective McCarthy*

Next, Indico argues that the district court erred in allowing Detective McCarthy to testify as an expert witness.[4] We disagree. Specifically, Indico takes issue with Detective McCarthy's opinion regarding the respective injuries of Indico and the victim in relation to blood patterns at the scene. Because Indico failed to object on the record, we review for plain error. *See Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996). If error is found, the "appellant must demonstrate that the error was prejudicial in order to prove that it affected his substantial rights." *Nelson v. State*, 123 Nev. 534, 543, 170 P.3d 517, 524 (2007).

Here, Detective McCarthy opined that blood trails at the scene were consistent with the victim's injuries and not Indico's. Although a medical expert should testify about medical issues, *see Lord v. State*, 107 Nev. 28, 33, 806 P.2d 548, 551 (1991) (a medical opinion "should be given by one qualified as a medical expert, not by a law enforcement officer, pursuant to NRS 50.275"), the record shows that an experienced homicide detective

---

[4]We conclude Indico waived review of this assignment of error, save Detective McCarthy's unsolicited opinion testimony. Indico largely agreed to the testimony that she complains of on appeal. *See Olano v. United States*, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).

could have observed the physical evidence and concluded that the victim's injuries were more consistent with the blood trails. Therefore, we conclude Indico has not demonstrated plain error. *See* NRS 178.602. Moreover, even assuming error, it did not prejudice Indico's substantial rights, and substantial evidence supports her guilt. *See Lord*, 107 Nev. at 34, 806 P.2d at 551 (holding that a detective's improper expert medical testimony did not prejudice the defendant's substantial rights in light of "other strong evidence of guilt").

*Cumulative error*

Finally, Indico contends that cumulative error requires this court to reverse the judgment of conviction. We disagree. Because Indico showed only one error, there is no error to cumulate. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[5]

_____ C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:   Hon. Valerie Adair, District Judge
      Hofland & Tomsheck
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

