# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN PAUL SKROPETA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78722

FILED

JUL 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; James M. Bixler, Judge. Appellant Martin Skropeta raises four contentions on appeal relating to ineffective assistance of counsel.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional

judgment in all significant decisions. *Strickland*, 466 U.S. at 690. Both components of the inquiry must be shown. *Id.* at 697.

First, appellant contends that trial counsel should have introduced the victim's Facebook posts. Relying on *Daniel v. State*, 119 Nev. 498, 78 P.3d 890 (2003), he asserts that they would have shown that she was prone to violence. He also asserts the posts would have shown that she had sustained a number of bruises during a fall down some stairs and not from an attack by appellant. We conclude that appellant did not demonstrate prejudice because the evidence was not admissible even if counsel had presented a self-defense theory. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (recognizing that counsel need not make futile arguments to avoid being deemed ineffective). The posts memorialize specific instances of conduct, which may not be used to prove that the victim was the likely aggressor. *Daniel*, 119 Nev. at 514-15, 78 P.3d at 901-02 (concluding that the victim's character is not an essential element of self-defense for purposes of NRS 48.055(2), which allows proof of specific instances of a person's character when that character is an essential element of a claim or defense); *see* NRS 48.055(1) (providing that when character evidence is admissible, it may be proved by reputation or opinion testimony). Even if the posts could have been used on cross-examination of witnesses who testified about the victim's amiability, *see* NRS 48.055(1) (providing that a party can test reputation or opinion evidence on cross-examination by inquiring into a witness's knowledge of relevant specific acts), appellant failed to demonstrate prejudice. The victim's posts generally expressed anger at people who abuse animals and at Boko Haram. There was not a reasonable probability that expressing ire at these general

issues would have undermined the testimony about her peacefulness. In addition, given the extent of the victim's injuries, which included numerous broken ribs and contusions on her head, neck, and upper body, appellant did not demonstrate a reasonable probability that the jury would not have convicted appellant had counsel introduced a post acknowledging that she fell down stairs in the days leading up to her death. Therefore, the district court did not err in denying this claim.[1]

Second, appellant contends that counsel should have introduced expert testimony on the effects of the drugs taken by the victim and compelled Angela Wilson, Julie Garcia, and Janell Smith to testify. Appellant's claim related to expert testimony was insufficiently pleaded because he did not identify the expert or describe the potential testimony. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (noting that "bare" or "naked" claims are insufficient to grant relief). Similarly, his claim related to Garcia's testimony was insufficiently pleaded because he did not describe her potential testimony or how it might affect the outcome of trial. As to Wilson and Smith, appellant has not demonstrated deficient performance. He asserts that Wilson could have testified to the victim's violent behavior and Smith could have testified that the victim once inquired if Smith knew anyone who sold methamphetamines, which would have bolstered appellant's claims of the victim's drug use. As both these witnesses would have offered inadmissible testimony about specific

---

[1]In addition, the victim's posts constituted hearsay. NRS 51.035. And appellant has not asserted that they fall into any exception to the general bar against admission of hearsay. *See* NRS 51.065.

instances of conduct, *see* NRS 48.055(1), appellant did not demonstrate that counsel failed to present admissible evidence. Therefore, the district court did not err in denying this claim.

Third, appellant contends that trial counsel should have requested a jury instruction regarding the voluntariness of his confession and appellate counsel should have challenged the trial court's failure to so instruct the jury. When the trial court rejects a defendant's challenge to the voluntariness of a confession, the court must submit the issue to the jury. *Laursen v. State*, 97 Nev. 568, 570, 634 P.2d 1230, 1231 (1981); *Grimaldi v. State*, 90 Nev. 83, 85, 518 P.2d 615, 616 (1974). Although the district court did not instruct the jury to determine the voluntariness of appellant's confession, we are not convinced that trial or appellate counsel's failure to pursue this issue was objectively unreasonable. Trial counsel relied on appellant's statement to police to argue that the victim died as a result of an accidental fall that occurred while she was attacking appellant. Because appellant did not testify in his defense, the confession was the only narrative offered for what happened leading up to the victim's death. Additionally, appellant has not demonstrated prejudice. Based on the record, there does not appear to be any arguable basis for the jury to conclude that the statement was involuntary. Notably, the tone of the interview was cordial and there was not significant evidence that appellant's health or potential intoxicant use rendered it involuntary. *See Chambers v. State*, 113 Nev. 974, 981, 944 P.2d 805, 809 (1997) (recognizing that a statement given absent "physical coercion or emotional overreaching" during a polite interaction with officers was voluntary). Additionally, there was ample remaining evidence to support the jury's verdict. *See Laursen*,

97 Nev. at 571, 634 P.2d at 1231 (concluding that the district court's failure to instruct on voluntariness of statement was harmless where there was overwhelming evidence of guilt as a result of other incriminating statements apart from the formal confession). Documents recovered from the scene suggested that appellant and the victim were arguing over unpaid rent. The victim was found severely beaten with broken ribs and contusions over her head and body. She had been placed in a bathtub with a plastic bag over her head. Forensic evidence revealed attempts to clean the crime scene. Appellant's DNA was found under the victim's fingernails. Appellant took the victim's car and left the state. And during an extensive conversation with a 911 operator after fleeing the state, appellant reported his own involvement in the victim's death. Therefore, the district court did not err in denying this claim.

Fourth, appellant argues that trial counsel should have objected to the State's amendment of the information as it relieved the State of its burden of proving means and manner of death and prevented him from arguing self-defense. Appellant failed to demonstrate deficient performance or prejudice. As this court concluded that the amendment did not constitute an abuse of discretion, *Skropeta v. State*, Docket Nos. 69812 & 71642 (Order of Affirmance, Dec. 22, 2017), appellant did not show that counsel neglected to raise a meritorious objection, *see Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating counsel is not ineffective for failing to make futile objections). Further, as the State did not change its theory of liability, *see Skropeta*, Docket Nos. 69812 & 71642, Order of Affirmance at 2, the amendment did not preclude the defense from arguing self-defense. Lastly, given the nature of the victim's injuries and appellant's actions after her

death, which included stealing her car and fleeing the state, as well as counsel's arguments that the death was accidental, appellant could not demonstrate that but for the failure to request an instruction on self-defense, it was reasonably probable that he would not have been convicted. Accordingly, the district court did not err in denying this claim.

Having considered appellant's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Chief Judge, The Eighth Judicial District Court
Hon. James M. Bixler, Senior Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk