**UNITED STATES of America,**
**Appellee,**

**v.**

**Richard Floyd INMAN, Appellant.**

**No. 10025.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1965.

Decided Nov. 18, 1965.

Joseph C. Ward, Jr., Fayetteville, N. C. (Court-assigned counsel), for appellant.

John R. Hooten, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and BUTZNER, District Judge.

ALBERT V. BRYAN, Circuit Judge.

To set aside his conviction for the interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, Richard Floyd Inman now assigns as error the actions of the District Court upon his confession. Although not voluntary, he says, it was nevertheless received in evidence and, further, that thereafter the question of its voluntariness was not submitted to the jury as an issue of fact.

In our view the admission of the confession was proper, but we must reverse because of the failure of the Court to leave to the jury the ultimate decision upon voluntariness.

Upon objection to the confession when tendered by the Government, the District Judge in the absence of the jury heard testimony both of the prosecution and the accused on the single issue of voluntariness. He ruled in favor of the Government, the jury was recalled and the confession proved. In its charge to the jury the Court did not touch upon the confession or its circumstances.

True, the defendant did not request an instruction on this point. But before the panel retired, after delivery of the charge, he asked the Court to give "a specific instruction on the confession; that they could find that the confession was induced by promise or reward or getting out of jail". The request was declined.

The judge was of the opinion that the question of voluntariness was exclusively a matter of law, not something for the jury, and as he had ruled the confession voluntary after the preliminary inquiry, no instruction thereon was appropriate. In this he was apparently persuaded by what is sometimes called the "orthodox view". See Jackson v. Denno, 378 U.S. 368, 378, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). There is, concededly, author-

ity at least implying that this procedure in State prosecutions is not Constitutionally impermissible. Ibid. But see id. at 401, 84 S.Ct. 1774 (Black, J., dissenting).

■ However, this Circuit has required that the final appraisal of the confession be left to the jury. Denny v. United States, 151 F.2d 828, 833–834 (4 Cir. 1945), cert. den. 327 U.S. 777, 66 S.Ct. 521, 90 L.Ed. 1005 (1946). Further, in view of the discussions in Jackson v. Denno, we think that this submission should be prefaced by an independent hearing by the court in the absence of the jury. This course—denominated by some as the "Massachusetts doctrine" —avoids grave questions of Constitutional law, such as whether the entitlement to a jury trial does not compel jury determination of the validity of a confession.

■ The matter is so vital to due process it overrides the direction of Rule 30, F.R.Crim.P. that requests for instructions be presented at the close of the evidence or earlier. Nor was the failure to charge on voluntariness cured here by the inclusion of an admonition, quite correct in itself, of the jury's duty and right to assay the believability of the witnesses. The law is unsparing in its exactions that a confession, even to be ponderable by the jury, must first be found representative of the free will of the confessor.

■ To assure the accused complete protection, the procedure should substantially be this. On proffer of the confession, even though there be no objection, the court should let the jury withdraw, and then take evidence upon the confession and its factual setting. On this voir dire the defendant may testify without prejudice to his privilege not to take the stand before the jury, but he may be examined or cross-examined only with regard to the origin and character of the confession, not upon his innocence or guilt. The court will there-upon independently determine whether the confession is admissible.

■ In this determination the District Judge will evaluate the evidence to ascertain whether, after resolving any conflicts therein, it convinces him beyond a reasonable doubt that the confession was voluntary. Unless the judge is so persuaded, the confession may not be admitted. If, however, he is satisfied beyond a reasonable doubt of its voluntariness, he should explicitly make and include in the record a finding of that fact.

■ If upon this test the court holds that the confession may be put before the jury, it will recall them and allow the relevant testimony adduced by the Government at the independent hearing to be repeated in the jury's presence. Of course, in offering his case after the prosecution has rested in chief, the accused may, if he desires, call any of his or the prosecution's witnesses who testified at the collateral hearing. The judge's ruling should not be disclosed to the jury by the court or by counsel.

■ Following the voir dire hearing, the trial will proceed with or without the confession, according to whether it was received or rejected. If admitted, the court should instruct the jury, whether requested or not, upon the law governing the use of a confession. Stevenson v. Boles, 331 F.2d 939 (4 Cir. 1964), aff'd per curiam, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109. Included would be a forthright caution that before giving any weight to the confession, the jury must be satisfied beyond a reasonable doubt that it had been made by the accused uninfluenced by promise of reward, threat of injury or diminution of his rights.

Because of the omission of the District Court, though altogether understandable, to pursue the formula we have just outlined, the judgment of conviction must be vacated and the case returned for a new trial.

Reversed and remanded.