**UNITED STATES of America, Appellee,**

v.

**Lewis Ray KIRK, Appellant.**

**No. 71–1216.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 27, 1971.

Decided Sept. 13, 1971.

Raymond W. Russell, Rockville, Md. (Court-appointed counsel), for appellant.

Jean G. Rogers, Asst. U. S. Atty. (George Beall, U. S. Atty., on the brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for forging and uttering a United States Treasurer's check. The defendant admitted signing the payee's name to the check, but claimed he did so with the payee's consent because the payee's hands were too shaky to sign the check herself, due to her drinking. The sole issue presented here is whether the questioning of witnesses by the District Judge, sitting without a jury, amounted to such a "vigorous examination" that reversal should be ordered.

The appellant relies upon two instances in which the Judge engaged in the examination of witnesses. Neither of the interrogations which are here complained of was objected to at the trial.

The first was when the Judge sought elaboration of defendant's testimony concerning the amount of drinking which occurred the night before the alleged forgery. Reviewing the transcript, we are convinced the District Judge was properly attempting to gain a clear understanding of facts crucial to the success of the defense. We find no error and no prejudice from the questions or answers.

The second incident objected to was the Judge's interrogation of two United States Treasury agents who had separately questioned the defendant about the case before the trial. The Judge directed questions to these government witnesses concerning the voluntariness of the statements they elicited in those interviews. The Judge sought to ascertain if the defendant appeared to understand the subject matter of the interview, whether he asked at any time for a lawyer, whether he complained about the conditions of his confinement or appeared to be in need of sleep. The answers led the Judge to conclude that the defendant's statements were voluntarily given under the *Miranda* standards. We perceive no error in the Judge's participation, which appears to us to have been undertaken in the defendant's interest, and also not objected to. Indeed, the obvious aim of his questions was to uncover any possible impropriety in the Treasury agents' conduct in obtaining statements from the defendant. The Trial Judge acted commendably, merely performing the duty imposed upon him by United States v. Inman, 352 F.2d 954 (4th Cir. 1965), to make sure that the statements were voluntary beyond a reasonable doubt.

Accordingly, the judgment of the District Court is

Affirmed.