**UNITED STATES of America, Appellee,**

v.

**James Louis BUIE, Appellant.**

**No. 75–1379.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 12, 1975.

Decided Feb. 9, 1976.

James R. Van Camp, Southern Pines, N. C. [court-appointed counsel], (Seawell, Pollack, Fullenwider, Van Camp & Robbins, Southern Pines, N. C., on brief), for appellant.

V. Edward Jennings, Jr., Asst. U. S. Atty., Greensboro, N. C. (N. Carlton Tilley, Jr., U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

Convicted by a jury of robbery from a bank in violation of 18 U.S.C. § 2113(b), James Louis Buie appeals. He attacks the validity of his conviction on numerous grounds, including, *inter alia*, that the district court committed reversible error in declining to give his counsel the opportunity to object to the charge out of the hearing and presence of the jury as provided in Rule 30, F.R.Cr.P. We agree that reversal and a new trial are required and we do not reach or express any view on defendant's other assignments of error.

## I.

Immediately after counsel's closing argument, the district judge instructed the jury. The charge embodied substantial comment on the evidence. At the close of the charge, the following colloquy took place between Buie's counsel and the district judge while the jury was still seated in the box:

> THE COURT: Are there any special instructions, gentlemen, that you'd like for me to give, or have I done fair and described them by both? [sic]

> .        .        .        .        .

> MR. VAN CAMP: If Your Honor please, may I approach the bench?

> THE COURT: You may speak right there.

Buie's counsel then requested, and the court delivered, a limiting instruction on the use of evidence of prior convictions. After this further instruction, the district judge directed the jury to retire and in the same breath called the next case.

While the record does not disclose what, if any, other objections counsel might have made if permitted to speak out of the hearing or out of presence of the jury, before us Buie's counsel argues that the district court's summary of his contentions contained factual inaccuracies, omitted the defense's theory of the case, and was substantially shorter than the corresponding summary of the government's contentions. While we would hesitate to be overly exacting in scrutinizing a district judge's summary of the evidence, cf. *United States v. Kahaner,* 317 F.2d 459, 476–82 (2 Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963), an appropriate objection might have elicited a correction, or a cautionary instruction such as the one approved in *Kahaner* and absent here:

> [I]f any reference by me does not accord with your recollection, you will disregard entirely what I have said and be guided by your own independent recollection. *Id.* at 479.

## II.

Rule 30, F.R.Cr.P., provides, in pertinent part: "Opportunity shall be given to make the objection [to the charge] out of the hearing of the jury and, on request of any party, out of the presence of the jury." In *Hamling v. United States,* 418 U.S. 87, 133, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Supreme Court specifically approved our statement in *Lovely v. United States,* 169 F.2d 386, 391 (4 Cir. 1948), and the holding of the Third Circuit in *United States v. Schartner,* 426 F.2d 470, 478–80 (3 Cir. 1970), that "failure to observe the requirements of this rule will be held sufficient ground for granting a new trial, *unless it affirmatively appears that no prejudice resulted therefrom* ; for counsel should not be required in the presence of the jury to place themselves in the attitude of apparent antagonism to the trial judge which is involved in excepting to the charge (emphasis added)." *Lovely,* 169 F.2d at 391.

On the record before us, we cannot say that no prejudice resulted from the district judge's failure to allow Buie's counsel to approach the bench before the jury retired. Indeed, there is every indication that counsel was denied the opportunity to minimize the district judge's errors in the statement of the evidence, and this constituted actual prejudice. Thus, the judgment must be reversed and the case remanded for a new trial.

## III.

Although defendant asserts that a confession used to convict him was involuntary and, hence, inadmissible—an issue that we do not decide—we note another problem about the confession not raised by defendant in this appeal. We are constrained to mention it because of the possibility that defendant will be tried anew, that the government will seek to prove the confession, and that defendant will contest its voluntariness. The problem is that the question of the voluntariness of the confession was not submitted to the jury.

In *United States v. Inman,* 352 F.2d 954 (4 Cir. 1965), we held that the voluntariness of a confession must be shown beyond a reasonable doubt and that, even if the dis-

trict court determines that the confession is admissible, the question of its voluntariness must be submitted to the jury.

If admitted, the court should instruct the jury, *whether requested or not,* upon the law governing the use of a confession. . . . Included would be a forthright caution that before giving any weight to the confession, the jury must be satisfied beyond a reasonable doubt that it had been made by the accused uninfluenced by promise of reward, threat of injury or diminution of his rights (emphasis added). *Id.* at 956.

To the extent that *Inman* held that voluntariness of a confession must be established by proof beyond a reasonable doubt, it has been displaced by *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). We so held in *United States v. Johnson,* 495 F.2d 378, 382–83 (4 Cir. 1974). We have not considered, and do not do so now, whether *Lego* also displaces *Inman's* holding that the jury as well as the district judge should pass on the issue of voluntariness. But unless the district court is so persuaded and so holds at retrial, we caution that the issue of voluntariness of the confession should be submitted to the jury.

*REVERSED; NEW TRIAL GRANTED.*

WIDENER, Circuit Judge (concurring):

I concur in the result.

In this circuit, there are two stages involved in admitting a confession. First, the court has to admit it into evidence. In *Johnson,* we decided that the court should be satisfied by a preponderance of the evidence that the confession is voluntary before allowing the jury to consider it. The second stage is the jury consideration of the confession, and, as the majority points out, "The jury must be satisfied beyond a reasonable doubt that it had been made by the accused uninfluenced by promise of reward, threat of injury, or diminution of his rights."

Since the jury was not so charged, I would grant a new trial on this account.