**UNITED STATES of America, Appellee,**

v.

**Jorge Luis GONZALEZ, Appellant.**

No. 83–5076.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1984.

Decided June 11, 1984.

Kurt Marmar, Coral Gables, Fla., for appellant.

Clarence H. Albright, Jr., Asst. U.S. Atty., Arlington, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before HALL and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

The defendant, Gonzalez, was convicted of two drug offenses after a trial during which an incriminating statement he had made to DEA agents had been received into evidence. The defendant contends that his statement was procured by a false promise of immunity made to him by a government agent and was, thus, involuntary. Following a suppression hearing, the district judge made no findings or ruling on the question of voluntariness, but announced that he would leave that question to the jury. We remand, since the Fifth Amendment and the federal statute require that no such incriminating statement go

before the jury without a preliminary finding that it is voluntary.

## I.

On November 16, 1982, Antonio Carranza-Estivariz was arrested after delivering two pounds of cocaine to an undercover agent of the Drug Enforcement Agency. He was told that the sentencing judge would be requested to consider any assistance that he might provide, and Carranza agreed to cooperate. He told the agents that Gonzalez, the defendant here, worked for him and was then guarding three kilograms of cocaine in a specified room in a New York hotel. He said he could have Gonzalez bring the cocaine to Washington.

In several telephone calls to Gonzalez, Carranza persuaded Gonzalez to bring the cocaine to Washington. Gonzalez arrived at Washington National Airport early in the evening on the day of Carranza's arrest. DEA agents were waiting for him. They placed him under arrest, gave him the *Miranda* warnings and transported him and the two suitcases he had claimed to DEA headquarters. One of the suitcases contained over five pounds of pure cocaine concealed behind a false sidepiece.

Discovery of the cocaine did not prompt Gonzalez to talk, but he and Carranza had each been told of the presence of the other at the DEA headquarters. Apparently, each sought permission to speak to the other, and Carranza was brought into the room where Gonzalez was being held. Although prisoners are not ordinarily allowed to converse in private, Carranza and Gonzalez were left alone and their ensuing conversation was unmonitored.

At the suppression hearing, Gonzalez testified that Carranza told him to respond to all questions asked by the agents. Gonzalez said that he was hesitant until Carranza reassured him by saying that if he cooperated with the agents he would "walk out without any blame" on himself. Gonzalez claimed that the promise of immunity seemed credible to him because he knew that Carranza was a Bolivian diplomat.

Carranza gave a very different version of the conversation. According to him, he only expressed the opinion that it would be better if Gonzalez talked to the agents and that, if he talked freely to the agents, he would help both of them.

After the private conversation between Carranza and Gonzalez, Gonzalez talked to the agents. He admitted selling cocaine, explaining that he had gotten into the drug business because it was getting close to the holidays and he needed financing.

Gonzalez was indicted for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and for traveling in interstate commerce to facilitate the sale and distribution of cocaine in violation of 18 U.S.C. § 1952. He was convicted of both offenses and received an active prison sentence of five years, with a three year special parole term.

## II.

As indicated at the outset, the district judge held a suppression hearing during which he heard testimony about the circumstances leading up to the admission by Gonzalez that he was in the drug business. The judge expressed some doubt about the voluntariness of the admission, but made no relevant findings or rulings except to say that he would leave the question to the jury. We reverse because a preliminary determination of voluntariness by the judge was prerequisite to submission of the statement for the jury's consideration.

If Carranza induced the admission by Gonzalez by a promise of immunity, and if Carranza was acting at the behest of the DEA agents and as their authorized agent, *see United States v. Washington*, 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977), the subsequent admission by Gonzalez to the DEA agents was involuntary and inadmissible. *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); *Grades v. Boles*, 398 F.2d 409 (4th Cir. 1968).

In federal prosecutions, a preliminary determination by the trial judge of the voluntariness of a confession or incriminating statement is required by statute. 18 U.S.C. § 3501. Moreover, without a preliminary finding of voluntariness by some other fact finder, it is a violation of a defendant's Fifth and Fourteenth Amendment rights to permit the jury impaneled to determine a defendant's guilt to also determine the question of voluntariness of such a statement by the defendant. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The Supreme Court was naturally concerned that the trial jury's assessment of the truthfulness of the confession might infect its resolution of the question of voluntariness. There was a second concern that such a jury might find a confession involuntary but nevertheless should be unable to disregard the statement when resolving the question of guilt. Thus, no confession may constitutionally be submitted to a trial jury without a preliminary finding, based upon a preponderance of the evidence, that the statement is voluntary.

The United States contends that reversal is unnecessary because Carranza was not a government agent. Neither the district court nor the jury made any such finding, however, and it is not the role of this court to make such a finding. The extent of Carranza's commitment to cooperate and the demands, if any, of him by the DEA agents are questions of fact best determined in the first instance by the district judge.

### III.

It does not follow, however, that it is appropriate now to vacate the judgment of conviction and order a new trial. After receiving any additional evidence that may be offered and appropriately received, the district court may now make a finding of voluntariness on the basis of a preponderance of the evidence. If it finds that the statement was voluntary, the judgment of conviction and the sentence may stand. If, however, it finds that the statement was involuntary, it should vacate the judgment of conviction and order a new trial.

REMANDED.