927 F.2d 598
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Orlando SMITH, Defendant-Appellant.
 No. 90-5629.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1991.
Decided March 8, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-89-323-JH)
 Mark Lawrence Gitomer, Cardin & Gitomer, P.A., Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Barbara Suzanne Skalla, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury found Tyrone Orlando Smith guilty of possession of cocaine with intent to distribute (21 U.S.C. Sec. 841), knowingly using and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. Sec. 924(c) ), and possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year (18 U.S.C. Sec. 922(g)(1) ). Smith was sentenced to serve twenty-seven months concurrently for counts one and three and five years for count two. The sentencing order specified that the term of imprisonment for count two was "to run consecutive with Counts 1 and 3, for a total term of imprisonment of Eighty-Seven (87) months." Smith noted a timely appeal. We affirm.
 
 
 2
 At trial, a DEA agent testified that pursuant to information he received from two confidential informants, he and other officers established surveillance of an apartment complex where appellant was to arrive as a passenger in a silver 1989 Nissan. He expected that a large quantity of cocaine would be found in the car. The officers observed the car at the apartment complex; they stopped it and removed the driver and the appellant from the vehicle. Smith was a front passenger of the car.
 
 
 3
 As the officer removed Smith from the vehicle, he observed an object which appeared to be a blue bag at Smith's feet. The object was a pair of blue nylon pants wrapped around a gun. The officers also recovered one ounce of cocaine underneath the passenger side car mat.
 
 
 4
 The officer advised Smith of his Miranda rights once they arrived at the police station. Smith indicated that he understood the Miranda warnings. The officer testified that Smith never asked for an attorney and that he was "very cooperative" during the thirty-minute interview. Smith stated that he frequently traveled to Philadelphia to purchase two to three kilograms of cocaine at a time, that he made the trip four to five times weekly, and that his most recent trip occurred during the weekend prior to his arrest, but he did not buy any cocaine because the price had gone up. Smith continued that he had about five people who distributed cocaine for him in the Annapolis area. The statement was admitted over the defense's objection.
 
 
 5
 The defense rested without putting on any evidence and moved for acquittal. The jury returned a guilty verdict on all counts.
 
 
 6
 Smith contends on appeal that the trial court committed reversible error because it did not instruct the jury concerning their role in determining the voluntariness of the incriminating statements he made at the police station. He asserts that this was a violation of 18 U.S.C. Sec. 3501(a). The appellee counters that the appellant did not object to the instructions given at trial and that Smith's statement was not a "confession" to the offenses charged, but a "statement concerning peripheral matters." The appellee continues that even if Sec. 3501 is applicable, the trial court did not err because no genuine issue of voluntariness of the statement was presented to the jury.
 
 
 7
 The relevant portion of 18 U.S.C. Sec. 3501 states:
 
 
 8
 In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.
 
 Subsection (e) of the statute states:
 
 9
 As used in this section, the term "confession" means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing.
 
 
 10
 The oral statements Smith made to the police are self-incriminating, thus they may be construed as a "confession" under 18 U.S.C. Sec. 3501; see also United States v. Gonzalez, 736 F.2d 981 (4th Cir.1984) (appellant's statement that he sold cocaine and that he was in the drug business because it was getting close to the holidays and he needed financing was an incriminating statement covered by 18 U.S.C. Sec. 3501).
 
 
 11
 This Court has held that "whether requested or not," the trial court should instruct the jury specifically "upon the law governing the use of a confession" and that a failure to do so is clear error. United States v. Inman, 352 F.2d 954, 956 (4th Cir.1965). This Court has also held, however, that even if it is plain error to fail to give such an instruction, reversal will not follow if the failure is harmless. See United States v. Sauls, 520 F.2d 568 (4th Cir.), cert. denied, 423 U.S. 1021 (1975). This Court commented in Sauls that the trial court's failure to instruct the jury specifically on "an issue upon which there was no evidence before them" could not be regarded as prejudicial. Id. at 570.
 
 
 12
 There is no evidence in the record that Smith's statements were involuntary. Smith was advised of his Miranda rights before interrogation and he appeared to understand them. The officer testified that Smith's "demeanor was normal, he was coherent, there was no problem." Smith presented no contrary evidence on voluntariness of the confession in his own behalf. On this record, the government clearly met its burden to establish the voluntariness of the confession by a preponderance of the evidence. See United States v. Johnson, 495 F.2d 378 (4th Cir.), cert. denied, 419 U.S. 860 (1974). Moreover, there is no indication that Smith requested an instruction concerning use of the confession at trial nor did he object to the instructions as given. For these reasons, Smith's claim concerning the lack of an instruction under 18 U.S.C. Sec. 3501 is meritless.
 
 
 13
 Smith also asserts that the trial court erred in failing to conduct a voir dire hearing concerning the voluntariness of the confession, as mandated by United States v. Inman, 352 F.2d 954 (4th Cir.1965). Inman states:
 
 
 14
 On proffer of the confession, even though there be no objection, the court should let the jury withdraw, and then take evidence upon the confession and its factual setting. On this voir dire the defendant may testify without prejudice to his privilege not to take the stand before the jury, but he may be examined or cross-examined only with regard to the origin and character of the confession, not upon his innocence or guilt. The court will thereupon independently determine whether the confession is admissible.
 
 
 15
 352 F.2d at 956. Appellant argues that the trial court erred in ruling that the confession was admissible during a hearing on a motion to suppress without hearing any testimony. The appellee counters that the trial court conducted a hearing on the motion to suppress the statement without a jury present. The court considered the issue of voluntariness and the defense did not object to the prosecution's proffer of the DEA agent's testimony concerning the circumstances surrounding the statement. The appellee also notes that the defense presented no witnesses concerning the voluntariness issue despite the opportunity to do so.
 
 
 16
 As the district court noted, defense counsel submitted a "bare bones" suppression motion unsupported by any factual allegations or case law. The district court is not required to hold a hearing on voluntariness of a statement outside the presence of the jury when the issue of voluntariness is not properly before it. See United States v. Espinoza-Seanez, 862 F.2d 526, 535 (5th Cir.1988). Even if the issue of voluntariness was properly raised before the court, the suppression hearing was sufficient to comply with the requirements of Inman. The defense had the opportunity at that time to present evidence to the trial court that the statement was not voluntary without the jury present but did not do so and did not object to the government's proffer of the testimony of a readily available witness. Under the circumstances, the trial court complied with the hearing requirements of 18 U.S.C. Sec. 3501 and Inman.
 
 
 17
 The appellant contends that when the trial court pronounced its sentence, it did not state that the concurrent twenty-seven-month sentences and the five-year sentence were to be served consecutively while both the docket entries and the judgment and commitment order reflect that the terms be served consecutively. Appellant asserts that the docket entries and the judgment and commitment order are in error and that since the trial court did not state that the sentences were consecutive at the sentencing hearing, they must run concurrently. The appellee argues that when an oral pronouncement is silent or ambiguous as to the consecutive/concurrent issue, a written sentence which is immediately entered and which contains clear language may resolve the ambiguity.
 
 
 18
 A clear oral statement of intent to impose concurrent sentences prevails over a later, contrary written ruling. Schurmann v. United States, 658 F.2d 389, 391 (5th Cir.1981). But when the oral pronouncement of sentence is ambiguous or silent as to the consecutive/concurrent issue and the written sentence entered as an immediate consequence contains clear language clarifying that consecutive sentences were intended, the presumption for concurrent sentences does not apply because of the court's clear statement to the contrary. United States v. Tafoya, 757 F.2d 1522, 1529-30 (5th Cir.), cert. denied, 474 U.S. 921 (1985). If an oral order is ambiguous, reference may be made to the written order to clarify the judge's intention. United States v. Villano, 816 F.2d 1448, 1450-51 (10th Cir.1987) (en banc).
 
 
 19
 The judge's oral pronouncement of sentence is silent as to whether Smith's sentence on the second count would run consecutively or concurrently with his sentence on the other counts, but the written judgment and commitment order entered on the day of sentencing explicitly states that the sentences would run consecutively. Thus, the oral and written judgments do not conflict, and the written order clarifies the judge's intention. Therefore, Smith was properly sentenced to consecutive terms of confinement.
 
 
 20
 For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 21
 AFFIRMED.