**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

LEVESTER MCKITHEN, JR., a/k/a Solo
McKithen,

  *Defendant-Appellant.*

No. 00-4618

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CR-99-169)

Submitted: April 27, 2001

Decided: June 1, 2001

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

I. S. Leevy Johnson, William T. Toal, JOHNSON, TOAL & BAT-
TISTE, P.A., Columbia, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following a jury trial, Levester McKithen, Jr., was convicted on one count of conspiracy to possess with intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999) and 18 U.S.C. § 2 (1994), one count of attempted possession with intent to distribute crack, in violation of 21 U.S.C.A. § 846 and 18 U.S.C. § 2, and one count of attempted possession with intent to distribute cocaine and crack, in violation of 21 U.S.C.A. § 846 and 18 U.S.C. § 2. The district court sentenced McKithen to concurrent 160-month prison terms on each count. McKithen appeals, claiming that the district court committed errors at a suppression hearing and that his conviction and sentences are illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no merit to his claims, we affirm.

Shortly after his arrest, McKithen gave a statement to law enforcement officers. He filed a motion to suppress the statement, claiming that his confession was involuntary. Following a hearing, the court denied the motion, concluding that McKithen voluntarily gave the statement. McKithen contends that the district court erred by allowing the government to question him at the suppression hearing about his arrest and other matters concerning the alleged crime, which he argues are not related to the voluntariness of his confession.

A defendant challenging the voluntariness of his confession may be questioned only concerning the nature of his confession and not about his guilt or innocence. *United States v. Dollard*, 780 F.2d 1118, 1122 (4th Cir. 1985); *United States v. Inman*, 352 F.2d 954, 956 (4th Cir. 1965). In making a voluntariness determination, "the trial judge is 'duty-bound to ignore implications of reliability . . . and to shut from his mind any internal evidence of authenticity that a confession itself might bear.'" *Doby v. South Carolina Dep't of Corrections*, 741 F.2d

76, 78 (4th Cir. 1984) (quoting *Lego v. Twomey*, 404 U.S. 477, 484 n.12 (1972)).

We recognize that the government's cross-examination of McKithen about the truthfulness of the statements in the confession was questionable because, as the case law establishes, the truth of a confession is not a factor for a court to consider in determining whether it was voluntary. Notwithstanding the fact that at times the focus of the government's cross-examination was on the accuracy of the confession, the district court demonstrated that it relied on appropriate factors in concluding that McKithen's confession was voluntary. Specifically, the court allowed the government to question McKithen about his involvement in the crime, explaining that such questioning was permissible to discredit McKithen's claim of coercion by showing that the substantial evidence against him and his knowledge that his co-conspirator had confessed provided motivation for McKithen's own confession. Rejecting McKithen's claims of coercion, the court concluded that McKithen's confession was voluntary in light of the fact that he was advised of his rights and signed and sworn statement acknowledging that he understood his rights, and evidence that he had significant motivation to confess. Thus, even if the court should have sustained McKithen's objection and not allowed questioning about the accuracy of the confession, any error was harmless because the court did not rely on that evidence in reaching its conclusion that McKithen's confession was voluntary.

McKithen also argues that his convictions and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, any fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the offense, and as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. McKithen argues that his convictions and sentence are invalid under *Apprendi* because his indictment did not allege any drug quantity and the jury was instructed that it need not find any particular drug quantity. Every circuit to consider *Apprendi* in the context of 21 U.S.C.A. § 841(b) has concluded that the statutory maximum when drug quantity is not treated as an element of the offense is twenty years. *United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001) (collecting cases). McKithen's sentence of 160 months falls well below the 240-month maximum in 21 U.S.C.A.

§ 841(b)(1)(C), and thus, under the authorities cited in *White*, does not implicate *Apprendi*.

For these reasons, we affirm McKithen's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*