ALBERT O'NEAL SCOTT, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 8322

September 30, 1976                    554 P.2d 735

*George H. Spizzirri,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,*
District Attorney, and *H. Leon Simon,* Chief Appellate Dep-
uty, Clark County, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

A jury found Albert O'Neal Scott guilty of first-degree murder and attempted murder. He has appealed from his judgment of conviction, asserting numerous assignments of error, which we reject as meritless. Accordingly, we affirm.

1.   On the evening of October 13, 1974, Scott and a Mr. Ronnie Davis went to the Las Vegas home of Miss Lynette Blake to buy narcotics. There, Scott met Miss Blake, her friend

Janice Crisp, and John Coleman. The sale was never made. An argument developed, ending by Scott shooting and killing Lynette Blake and seriously wounding Janice Crisp.

2. At trial, Scott admitted shooting Blake and Crisp. He claimed he was acting in self-defense. The State impeached Scott's testimony by offering in evidence contradictory and inconsistent statements that Scott had given the police immediately following the shooting. Scott, without success, had attempted to suppress the statements prior to trial, on the ground that they were physically coerced. He testified at the suppression hearing that he had been beaten, choked, and threatened by Police Officers Jones and Dixon. Officers Jones and Dixon testified to the contrary. They said that Scott was given his Miranda warnings[1] and that he voluntarily gave the incriminating statements. The trial judge chose to believe the officers and denied Scott's motion to suppress. The statements were received in evidence. Scott claims that this pretrial ruling constituted reversible error. He seeks now to have this court find the facts in his favor, which the trial court did not do. The State need prove only that Scott waived his Fifth Amendment rights against self-incrimination by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477 (1974). This burden was satisfied by the testimony of Officers Jones and Dixon, as found by the district court, which finding we shall not disturb on appeal.

3. Scott also contends that the trial judge, in instructing the jury, failed to clarify the distinction between first- and second-degree murder.[2] Scott argues that the lack of any appreciable

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] The instruction of which he complains is as follows:

"To constitute murder of the first degree there need be no considerable lapse of time between the formation of the felonious design to kill and the execution of the design. If a person has actually with malice aforethought formed the unlawful purpose to kill and has premeditated and deliberated upon it before he performs the act and then performs it in furtherance of said felonious design, he is guilty of murder of the first degree[,] however short the time may have been between the purpose and the execution. The intention to kill and the act of killing may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by and be the result of a concurrence of will, deliberation and premeditation on the part of the slayer, no matter how rapidly these acts of the mind succeed each other or how quickly they may be followed by the act of killing."

time requirement between the formation of the intent to kill and the act of killing eliminates the degrees of murder. This contention has been considered and rejected by this court on previous occasions. State v. Fisko, 58 Nev. 65, 80, 70 P.2d 1113, 1118 (1937); State v. Randolph, 49 Nev. 241, 242, 242 P. 697, 698 (1926). As given, the instruction requires that the premeditation and deliberation precede the act of killing. The instruction states that the time lapse need only be an instant. The instruction does not misstate the law, and it was properly given.

4.   Scott also urges that the trial court erred in failing to reinstruct the jury on the question of premeditation. Before the jury retired for the evening, the foreman suggested to the judge that it might be helpful if the jury were further instructed on premeditation. The judge responded that he would do so the following morning if he believed a further instruction was necessary. Apparently the judge concluded that the given instruction was adequate, for he did not reinstruct the jury. Nor did the jury ask for further clarification prior to reaching its verdict. The question of reinstructing the jury is a matter that rests within the sound discretion of the court. "The trial judge has wide discretion in the manner and extent he answers a jury's questions during deliberation. If he is of the opinion the instructions already given are adequate, correctly state the law and fully advise the jury . . . his refusal to answer a question already answered in the instructions is not error." Tellis v. State, 84 Nev. 587, 591, 445 P.2d 938, 941 (1968). In the instant case, the jury were properly and fully instructed on the issue of premeditation. The trial judge apparently concluded that a further instruction was unnecessary. In view of these facts, no abuse of discretion appears from the record.

5.   As a fifth assignment of error, Scott contends that the trial judge's instruction concerning the effect of mitigating circumstances on the different degrees of murder precluded the jury from finding him guilty of manslaughter. The objected-to instruction reads as follows:

"You are instructed that by statute, mitigation is available to the jury only within the area of first degree murder where assessment of punishment by the jury is proper.

"The reduction in the degree of the crime is not available to the jury upon the basis of mitigating circumstances, but only

upon the basis of lack of proof of the elements of the crime as fixed by law."

There is nothing objectionable about the instruction. It admonishes the jury not to find the appellant guilty of a lesser degree of crime based solely on a mitigating circumstance. The jury were fully and properly instructed on the issue of provocation as it related to manslaughter. Cf. Ricci v. State, 91 Nev. 373, 536 P.2d 79 (1975).[3]

6. Scott asserts that the trial judge committed reversible error by admitting into evidence a photograph of the deceased taken at the morgue. The photograph was admitted for the purpose of identifying the murder victim as the person upon whom the State's witness performed an autopsy. We have repeatedly held that photographs that aid in the ascertainment of truth may be received in evidence, even though they may be gruesome. Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976).

7. Scott argues that the trial judge erroneously and to his prejudice limited defense counsel's closing argument to the jury. The record fails to support this allegation. At one point during defense counsel's closing argument, the trial judge properly sustained an objection to a misstatement of law. Counsel apologized for the misstatement and properly rephrased the principle. This colloquy did not interfere with the scope or substance of counsel's argument.

8. Scott also seeks reversal because he claims the prosecutor concealed from evidence a 9 mm automatic weapon found at the scene of the crime and a pillow case purporting to bear a bullet hole, relating to his defense. These allegations of prosecutorial misconduct find no support in the record. Consequently, we summarily reject them.

9. As a last assignment of error, appellant contends that Nevada's implied malice rule, given in the form of a jury instruction, denied him his due process right of presumptive innocence. This contention is without merit. The jury returned a verdict of murder in the first degree. They must have found beyond a reasonable doubt that Scott murdered Lynette Blake deliberately, willfully, and with premeditation. These elements

---

[3]Appellant's failure to object to the instruction could have precluded appellate review. Geer v. State, 92 Nev. 221, 548 P.2d 945 (1976).

of the crime conclusively established express malice as defined in NRS 200.020, subsection 1. Thus, implied malice played no part in this case. Cf. Evans v. State, 349 A.2d 300, 314 (N.J. 1975).

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.