STEVEN DARIO QUIRICONI, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11008

September 18, 1980                          616 P.2d 1111

*Carl F. Martillaro, Arthur J. Bayer,* and *Edward Bernard,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal from a judgment of conviction for the crime of forcible rape, NRS 200.363,[1] a felony, we are asked to determine whether the trial court abused its discretion in admitting evidence of other crimes; whether the confession given by appellant during his post-arrest detention was illegally obtained; and whether the district court had jurisdiction over appellant. For the reasons hereinafter expressed, we affirm.

On August 11, 1974, appellant was arrested for assault. He was sixteen years of age at the time. A juvenile petition was filed against him on August 20, 1974 charging appellant with two counts of forcible rape, three counts of kidnapping in the first degree, and two counts of attempted kidnapping in the first degree. These acts had allegedly occurred against four females within a period of approximately three weeks. As to several counts of the petition—the charges of rape, kidnapping and attempted kidnapping against a Ms. Babcock—appellant was adjudicated a delinquent on February 5, 1975 and committed to the Nevada Youth Training Center in Elko.

In December of 1974, appellant, together with his parents and attorney, had stipulated with the Washoe County District Attorney that appellant would remain subject to adult certification and prosecution on the remaining counts of the petition for the period of the applicable statutes of limitation. The stipulation also provided that appellant knowingly and voluntarily waived his constitutional rights to due process and a speedy trial.

Subsequently, in April of 1977, appellant was charged with indecent exposure concerning a March 25, 1977 incident. As a result of this, on July 12, 1977, the state moved to certify appellant as an adult on the remaining counts of the juvenile petition filed in 1974. The pending counts had charged appellant with the rape and kidnapping of a Ms. Smith and the attempted kidnapping of a Ms. Haun. On August 26, 1977,

---

[1]NRS 200.363, now codified in NRS 200.366 and characterized as sexual assault, was amended by the legislature in 1977.

appellant was certified as an adult as to the charges. An information charging the offenses was filed in the district court on September 21, 1977.

Appellant moved to dismiss the kidnapping charges claiming that the applicable statute of limitations had run. *See* NRS 171.085(2). Thereafter, the district court ruled that the three year statute of limitations had run on the kidnapping and attempted kidnapping charges. Appellant was tried on the remaining charges.

Prior to trial, the district court denied a motion to suppress statements made by appellant while in custody after his August 1974 arrest. Appellant had claimed that any statements made by a juvenile during his detention were inadmissible at a subsequent adult trial. Appellant also unsuccessfully moved to exclude any evidence of other prior similar crimes which appellant allegedly committed. Finally, the court denied appellant's motion to dismiss on the basis that the 1975 certification of the appellant-juvenile on the other counts in the juvenile petition deprived the district court of jurisdiction over appellant as an adult. Appellant appeals from these adverse rulings.

*1. Uncharged Similar Conduct.*

At trial, the state introduced the testimony of two of appellant's victims other than Ms. Smith. Appellant contends that, under NRS 48.045(2) and Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959), the district court abused its discretion in receiving evidence of other crimes. This contention is without merit.

Although evidence of other crimes or bad acts is inadmissible to prove a person's character to show that he acted in conformity of that character, such evidence is admissible when introduced, as here, for the sole purpose of establishing the identity of the perpetrator. Nester v. State, 75 Nev. at 46–49, 334 P.2d at 527; NRS 48.045(2).

At the time of the trial, nearly four years had lapsed since the commission of the several offenses. Ms. Smith was the sole eyewitness to the single crime now being charged and had seen the appellant only twice before this trial. Moreover, appellant was not arrested on the night of the incident. Thus, it was important that the state convince the jury of the identity of the perpetrator.

This was accomplished properly by the witnesses who described the car driven by appellant and the manner in which appellant identified himself as "Mike from California." In addition, each of the witnesses identified the gun obtained from

appellant at the time of his arrest as being similar to the one used by their assailant. Finally, the evidence demonstrated the manner in which the victims were approached.

Here, the trial court weighed prejudice against probativeness, thereby complying with the mandates of *Nester* and its progeny. *See* NRS 48.035. The lower court properly concluded that the probative value of the evidence outweighed the claimed prejudicial effect. Moreover, the court gave the jury a proper cautionary instruction as to the limited purpose of the evidence. *See* McMichael v. State, 94 Nev. 184, 189, 577 P.2d 398, 401 (1978).

*2. Confession by a Juvenile.*

Appellant contends that his confession was elicited while he was a minor and during his detention at juvenile hall and, as such, is inadmissible, as a matter of law, in adult criminal proceedings.[2] We disagree.

Appellant relies exclusively on Harling v. United States, 295 F.2d 161 (D.C. Cir. 1961). In *Harling,* the court of appeals for the District of Columbia circuit held that the admission in a criminal proceeding of a confession by a juvenile prior to his adult certification would destroy the juvenile court's *parens patriae* relation to the child. 295 F.2d at 163–64. This continues to be the rule in that circuit. But *Harling* was based on the court's supervisory powers over juvenile proceedings in the District of Columbia. In addition, *Harling* was decided prior to *In re* Gault, 387 U.S. 1 (1967), which defined the rights of juveniles in commitment proceedings. In confirming a juvenile's fifth amendment rights, the Supreme Court said that "[i]t would be entirely unrealistic to carve out of the Fifth Amendment all statements by juveniles on the ground that these cannot lead to 'criminal' involvement." *Id.* at 49. The Court thus granted juveniles the protections of adult status.

---

[2]Although we have not expressly decided whether a confession by a juvenile may be used in a criminal proceeding, we have stated that "[b]efore being interviewed, a child should be advised of his rights and cautioned that any answers may be used in a criminal court as well as before the juvenile court. Special efforts should be made, especially in the case of young children, to interview the juvenile only in the presence of a parent or guardian." Marvin, A Minor v. State, 95 Nev. 836, 839–40 n. 4, 603 P.2d 1056, 1058 n. 4 (1979), *citing* Harling v. United States, 295 F.2d 161, 163–64 n. 12 (1961). In *Marvin,* this court determined that a court could base its determination to certify a juvenile as an adult on reliable statements made by a juvenile outside the presence of his parents after being advised of his rights. There had been no suppression hearing for the pending criminal trial and the opinion was "without prejudice to appellant's right to move to suppress in the criminal proceeding." Marvin, A Minor v. State, 95 Nev. at 843, 603 P.2d at 1061. The United States Supreme Court has not ruled on the issue presented in the case at bar. *See* Harrison v. United States, 392 U.S. 219, 222 n. 6 (1968).

Subsequent to *Gault,* and in refusing to follow the lead of *Harling,* many state courts have decided that juvenile confessions are admissible in criminal proceedings provided they were obtained in compliance with constitutional standards. *See, e.g.,* State v. Councilman, 460 P.2d 640 (Ariz. 1969) (statement inadmissible where neither youth nor mother advised of youth's right to counsel, privilege against self-incrimination, or possibility of adult trial); People v. Lara, 432 P.2d 202 (Cal. 1967), *cert. denied,* 392 U.S. 945 (1968) (age and presence of parent are only factors in determining voluntariness); People v. Hester, 237 N.E.2d 466 (Ill. 1968) (test is voluntariness under the circumstances); State v. Sinderson, 455 S.W.2d 486 (Mo. 1970) (test is voluntariness and juvenile must be told of possible criminal responsibility); State v. Prater, 463 P.2d 640 (Wash. 1970) (test is voluntariness). *See also* State v. Gullings, 416 P.2d 311 (Ore. 1966). No state decisions following *Harling* have been cited to us and we have found none.

The *parens patriae* relation of the juvenile court and authorities to the child cannot be dismissed lightly. Clearly, neither police officers nor juvenile authorities should be allowed to mislead a youth in order to obtain a confession. *See* State v. Loyd, 212 N.W.2d 671, 676–77 (Minn. 1973). A juvenile should be advised of his rights and informed of the possibility of an adult trial. But where the nature of the charges and the identity of the interrogator reflect the existence of an unquestionably adversary police atmosphere and the suspect is reasonably mature and sophisticated with regard to the nature of the process, resulting statements will be admissible in a criminal trial provided that the record otherwise supports a finding of voluntariness.

In this case, appellant testified that the police told him he would be treated as a juvenile. An officer testified that he informed appellant that he could be tried as an adult. The judge and jury apparently disbelieved appellant. Nevertheless, there is sufficient evidence to support the admission of the statements. The charges involved here were serious, appellant was interrogated by a police officer and appellant had had previous experience with the process and with signed waivers. The court held a hearing outside the presence of the jury and found the confession to have been voluntary. The issue of voluntariness was then, pursuant to Jackson v. Denno, 378 U.S. 368 (1964), presented to the jury which was instructed to determine the same issue. The written confession also demonstrates that appellant was advised of his right to remain silent and his

right to an attorney, and told that the statements could be used against him in court. Additionally, incidental to appellant's request, both of his parents spoke to him before the statements were given. Appellant was then re-advised of his rights before he made the statements.

The state has the burden of proving voluntariness by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 489 (1972); Scott v. State, 92 Nev. 552, 554, 554 P.2d 735, 736–37 (1976). Voluntariness must be shown under the totality of the circumstances. Franklin v. State, 96 Nev. 417, 421, 610 P.2d 732, 734–35 (1980). In the instant case, respondent easily met its burden. The decision of the trial judge and the jury will not be disturbed where, as here, they are supported by substantial evidence. *See* Scott v. State, 92 Nev. 552, 554, 554 P.2d 735, 737 (1976).

*3. District Court Jurisdiction.*

Appellant's final contention is that he was previously treated as a juvenile and his cases were resolved with appellant ordered to serve time at a juvenile facility. Fain v. Duff, 488 F.2d 218 (5th Cir. 1973), holds that criminal proceedings may not be had against a juvenile who has been adjudicated a delinquent on the same offense. But it is double jeopardy which prevents a criminal action after a delinquency adjudication. Breed v. Jones, 421 U.S. 519, 541 (1975).

It is clear that appellant was adjudicated a delinquent only as to unrelated offenses. The present case involves an offense upon which there had been no juvenile court adjudication. This claim is without merit.

The remaining contentions are without merit. The judgment of conviction is affirmed.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ.; and ZENOFF, SR. J.,[3] concur.

---

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE E. M. GUNDERSON, Justice. Nev. Const. art. 6, § 19; SCR 10.