IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID JAMES BURNS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 77424 |

FILED

JAN 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant David James Burns argues that he received ineffective assistance of counsel. The district court held an evidentiary hearing and denied his petition.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012,

20-03291

103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Burns first argues that counsel should have moved to exclude expert testimony from cellular company record custodians who were not noticed as experts. The record shows that the witnesses were noticed as experts on cellular phone and tower operation, the subjects of their testimony. *See Burnside v. State*, 131 Nev. 371, 384, 352 P.3d 627, 637 (2015) (presupposing that a cellular company record custodian may provide expert testimony when properly noticed as an expert). As a challenge to the witnesses' testimony on this basis would have been futile, counsel was not deficient in omitting it. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Burns next argues that counsel should have challenged the State's withholding of exculpatory information regarding inducements given to a witness. The witness testified that he received no benefit from the State in his separate, pending prosecution in exchange for his testimony; Burns has not identified any evidence to the contrary; and counsel cross-examined the witness on his pending prosecution and its delay. Burns' contention that the witness received a "sweetheart deal" is mere speculation that does not establish that counsel deficiently failed to uncover it. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). The district court therefore did not err in denying this claim.

Burns next argues that counsel should not have opened the door to a detective's testimony regarding Ms. Cousins' identification of the shooter and should have challenged her out-of-court identification as hearsay. Decisions regarding what witnesses to call or how to question them in developing the defense are tactical decisions that rest with counsel. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). Counsel made a strategic decision to elicit Cousins' statement that the shooter was wearing a white shirt, as counsel had argued that other evidence showed that Burns was not wearing a white shirt earlier that night. Counsel's tactical decisions are virtually unchallengeable absent a showing of extraordinary circumstances, which Burns has not made. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The State then elicited on redirect examination further details from Cousins' identification of the shooter that Burns argues were disadvantageous. Counsel was not deficient in omitting a hearsay challenge that was futile by reason of counsel's cross-examining the detective on Cousins' identification first. *See McKenna v. State*, 114 Nev. 1044, 1056, 968 P.2d 739, 747 (1998) (citing *Taylor v. State*, 109 Nev. 849, 860, 858 P.2d 843, 850 (1993) (Shearing, J., concurring in part and dissenting in part)). Further, Burns has not shown a reasonable probability of a different outcome had counsel questioned Cousins differently. The district court therefore did not err in denying these claims.

Burns next argues that counsel should have challenged the prosecutor's misconduct during rebuttal argument. Counsel did not perform deficiently in omitting the argued-for objections, which would have

been futile where the State's arguments were not improper. The State's argument that it would have preferred that its witnesses were a priest and a nun was a permissible argument regarding the credibility of the State's witnesses. *See Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002). The State did not shift the burden to Burns in commenting that he had no explanation for the crime, rather it permissibly commented on the brutal nature of the offense, i.e., that the killing could not be justified. *See Browne v. State*, 113 Nev. 305, 311, 933 P.2d 187, 191 (1997). The State's reference to the cellular record custodians as experts was not improper because the custodians were properly noticed as experts. Insofar as the State's discussion of the whistling heard in the background of the 911 call and Burns' humming during his police interview may be construed as arguing that the same person made both sounds, such argument was a permissible comment on matters within evidence. *See Jimenez v. State*, 106 Nev. 769, 772, 801 P.2d 1366, 1368 (1990). The district court therefore did not err in denying these claims.

Burns next argues that counsel should have argued that he was ineligible for the death penalty pursuant to NRS 174.098 on the basis of his suffering from Fetal Alcohol Syndrome Disorder (FASD). Counsel moved to strike the State's notice of intent to seek the death penalty on a different basis. The choice between arguments is a tactical decision that is entrusted to counsel and that we will not overturn absent extraordinary circumstances, which Burns has not shown. Further, Burns has not shown prejudice where the district court considered Burns' IQ and adaptive

functioning following an evidentiary hearing and concluded that Burns was not intellectually disabled, particularly in light of his normal-range IQ score. *See Ybarra v. State*, 127 Nev. 47, 53-54, 247 P.3d 269, 273 (2011). The district court therefore did not err in denying this claim.

Burns next argues that counsel should have consulted with him or ensured his presence during consultations regarding the jury's request for playback of a witness's testimony during its deliberations. The jury requested video playback of one witness's testimony, which the district court permitted after consulting with counsel. While Burns argues that he would have urged counsel to oppose replaying the testimony, whether to oppose is a tactical decision committed to counsel's discretion, and Burns has not shown extraordinary circumstances to establish deficient performance. And Burns has also not shown prejudice, as he has not shown that his objection would have brought about a reasonable probability of a different outcome in light of the wide discretion that a district court has in the manner of its response to a jury's questions. *See Scott v. State*, 92 Nev. 552, 555, 554 P.2d 735, 737 (1976). The district court therefore did not err in denying this claim.

Burns next argues that counsel should have sought his input regarding a juror note about the verdict form. Burns notes that the court "clarified" this form but does not specify how or cogently argue how he was prejudiced. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). The district court therefore did not err in denying this claim.

Burns next argues that counsel should have challenged the sentencing court's failure to make specific findings regarding the deadly weapon enhancements. Burns has not shown prejudice. The record shows

that the sentencing court did not state that it had considered the NRS 193.165(1) factors in sentencing Burns for the deadly weapon enhancements to three of his offenses. *See Mendoza-Lobos v. State*, 125 Nev. 634, 643, 218 P.3d 501, 507 (2009). Notwithstanding the sentencing court's failure to make findings regarding the deadly weapon enhancements, the parties discussed the information relevant to those factors during the sentencing hearing, and the record adequately supports the sentence imposed. *See* NRS 193.165(1). We therefore conclude that Burns has not shown a reasonable probability of a different outcome had counsel challenged the sentencing court's failure to make findings regarding the factors supporting the sentence enhancement. *See Mendoza-Lobos*, 125 Nev. at 644, 218 P.3d at 507 (holding that it was not plain error where the district court's failure to make findings regarding the sentencing enhancement did not affect the sentencing decision). The district court therefore did not err in denying this claim.

Burns next argues that counsel should have insisted that the district court address several errors in his presentence investigation report. Burns acknowledges that counsel raised these errors in his sentencing memorandum. Burns' argument that counsel should have argued this issue more strenuously does not show deficient performance, as counsel's tactical decisions are virtually unchallengeable absent a showing of extraordinary circumstances, which Burns has not made, particularly as the errors were minor. The district court therefore did not err in denying this claim.

Burns next argues that cumulative error warrants relief. Even assuming that multiple deficiencies may be cumulated in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009),

Burns has only demonstrated a single instance of arguably deficient performance considering counsel's failure to request specific findings pursuant to NRS 193.165(1), for which relief is not warranted, and a single instance of deficiency cannot cumulate, *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

Lastly, Burns argues that counsel should have filed a direct appeal. Counsel must file an appeal when a convicted defendant's desire to challenge the conviction is reasonably inferable from the totality of the circumstances. *Toston v. State*, 127 Nev. 971, 979, 267 P.3d 795, 801 (2011); *Lozada v. State*, 110 Nev. 349, 354, 871 P.2d 944, 947 (1994). During trial, Burns waived all appellate claims arising from the guilt phase of his trial pursuant to a stipulation with the State to a sentence of life without the possibility of parole, if he were to be convicted, in exchange for the State's withdrawing its notice of intent to seek the death penalty. After sentencing, Burns called counsel for assistance with pursuing postconviction relief. During the meeting, Burns asked counsel about the list of issues for appeal that counsel made and conveyed that he wanted to challenge his conviction in any way that he could. Counsel responded that Burns had better issues in habeas and that a direct appeal would be futile. This response was incorrect. Counsel's duty to file a notice of appeal when one is requested is not affected by the perceived merits of the defendant's claims on appeal. Burns' request required counsel to prepare a notice of appeal. Accordingly, counsel performed deficiently and Burns was prejudiced when counsel failed to initiate an appeal after Burns expressed his desire to appeal his conviction. *Cf. Garza v. Idaho*, 139 S. Ct. 738, 746-47 (2019). We therefore

conclude that the district court erred in not granting the petition as to this claim and providing the relief set forth in NRAP 4(c).[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:  Hon. Michelle Leavitt, District Judge
     Resch Law, PLLC d/b/a Conviction Solutions
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[1]In light of our decision, to the extent that Burns argues that appellate counsel should have raised certain claims on appeal, we decline to consider those claims in this appeal.

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A