IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIJESH PATEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77147

FILED

MAR 17 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault of a child under 14 and lewdness with a child under 14.[1]  Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

First, appellant Brijesh Patel argues that the district court erred by denying his motion to suppress his confession. A district court's resolution of a motion to suppress evidence presents a mixed question of law and fact. *State v. Beckman*, 129 Nev. 481, 485, 305 P.3d 912, 916 (2013). The district court's findings of fact are reviewed for clear error but the legal consequences of those factual findings are reviewed de novo. *Id.* at 486, 305 P.3d at 916.

Here, Patel contends suppression was warranted because, as an Indian national with limited English proficiency, his waiver of *Miranda*[2]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

20-10494

rights was not voluntarily, knowingly, and intelligently made.[3] *See Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 181-82 (2006) (during a custodial interrogation, and if *Miranda* warnings are properly given, "the State must then prove the defendant voluntarily, knowingly, and intelligently understood his constitutional right to remain silent and/or to have an attorney present during any questioning, and agreed to waive those rights"). The voluntariness of a *Miranda* waiver is determined based on the totality of the circumstances. *Id.* Here, the district court held an evidentiary hearing and heard testimony from the interrogating officers, the victim's father, and Patel's expert witness. Ultimately, the district court concluded that, by a preponderance of the evidence, Patel had sufficient knowledge and understanding of English to voluntarily waive his *Miranda* rights. *See Scott v. State*, 92 Nev. 552, 554, 554 P.2d 735, 736-37 (1976) (explaining that the State must prove a defendant's waiver "against self-incrimination by a preponderance of the evidence").

As part of the totality-of-the-circumstances analysis, Patel urges us to apply the six-factor inquiry set forth by the Ninth Circuit Court of Appeals in *United States v. Garibay* regarding the admissibility of non-native English speaker confessions, which he contends weighs against the district court's conclusion. 143 F.3d 534, 538 (9th Cir. 1998); *see also Gonzales v. State*, 131 Nev. 481, 489, 354 P.3d 654, 659 (Ct. App. 2015) (examining the *Garibay* framework). The *Garibay* factors include whether the defendant signed a written waiver, was read his rights in his native language, appeared to understand his rights, was assisted by an

---

[3]The parties do not dispute that Patel's statements were made during a custodial interrogation after law enforcement administered *Miranda* warnings.

interpreter, was explained his rights individually and repeatedly, and had experience with the criminal justice system. *Garibay*, 143 F.3d at 538. The Ninth Circuit found the factors relevant where evidence showed the defendant had a very low IQ, spoke only a few words of English, and "when under stress and interacting with persons of authority . . . gave the appearance of comprehending English, when in fact he did not." *Id.* at 537-39

We conclude the *Garibay* factors are not dispositive in this case. Patel did not sign a written waiver, receive *Miranda* warnings in his native tongue, have the assistance of a translator, or have prior experience with the American criminal justice system. But, Patel received *Miranda* warnings three times, spoke to law enforcement in English, and stated that he had been speaking English for ten years.[4] Patel affirmatively answered that he understood his *Miranda* rights as read to him and never indicated that he needed or wanted an interpreter. Patel predominately responded to questions appropriately and provided coherent narrative answers. Considering all of these circumstances, we conclude the district court's findings are not clearly erroneous, and the district court did not err by admitting Patel's confession.

Moreover, even if Patel's confession was erroneously admitted, any error would have been harmless beyond a reasonable doubt because other considerable evidence supports Patel's guilt—the victim's testimony and DNA evidence. *See Mendoza*, 122 Nev. at 277 n.28, 130 P.3d at 182 n.28.

---

[4]Law enforcement twice questioned Patel, each time reading him the *Miranda* warning. On the second occasion, Patel asked the detective to repeat the reading more slowly and received the admonition a third time.

Next, Patel argues the district court erred by excluding his expert witness from testifying. This court reviews a district court's decision to allow expert testimony for an abuse of discretion. *Perez v. State*, 129 Nev. 850, 856, 313 P.3d 862, 866 (2013). Expert testimony is admissible if (1) the expert is qualified in an area of "scientific, technical or other specialized knowledge," (2) the expert's specialized knowledge will "assist the trier of fact to understand the evidence or to determine a fact in issue," and (3) the expert's testimony is limited to the scope of his or her specialized knowledge. NRS 50.275. The purpose of expert testimony "is to provide the trier of fact [with] a resource for ascertaining truth in relevant areas outside the ken of ordinary laity." *Townsend v. State*, 103 Nev. 113, 117, 734 P.2d 705, 708 (1987).

Here, Patel sought to introduce expert testimony explaining police interrogation techniques and false confessions. Before trial, the district court considered the proffered testimony during an evidentiary hearing and concluded the expert testimony would not assist the jury because it was irrelevant. *See Hallmark v. Eldridge*, 124 Nev. 492, 499, 189 P.3d 646, 651-52 (2008) (providing relevant factors to consider when reviewing the assistance requirement of NRS 50.275). The record supports the district court's determination because Patel did not present any evidence that his confession was false or coerced.[5] The evidence presented at the pretrial hearing did not place the credibility of Patel's statements at issue. *See Higgs v. State*, 126 Nev. 1, 18, 222 P.3d 648, 659 (2010) (explaining that trial courts have "wide discretion" when considering the

---

[5]We also conclude Patel's argument that the district court's pretrial order precluded a renewed motion to introduce the expert's testimony based on evidence adduced at trial is belied by the record.

admissibility of expert testimony on a "case-by-case basis"); *Pineda v. State*, 120 Nev. 204, 213, 88 P.3d 827, 834 (2004) (finding expert testimony admissible "under the circumstances described" in the case). Therefore, under the facts of this case, we conclude the district court did not abuse its discretion.

Finally, the parties agree that Patel's convictions for both sexual assault and lewdness cannot stand consistent with *Jackson v. State*, 128 Nev. 598, 291 P.3d 1274 (2012), and *Crowley v. State*, 120 Nev. 30, 83 P.3d 282 (2004). We agree and therefore vacate the conviction and sentence for lewdness. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for the entry of an amended judgment of conviction consistent with this order.

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Silver

cc: Hon. Elliott A. Sattler, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk